UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAIN GUTTER PROS, LLC, a Washington Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGP MANUFACTURING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. C14-0458 RSM<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND COUNTERCLAIM |

## I.   INTRODUCTION

This matter comes before the Court on Defendant's/Counterclaimant's Motion for Leave to Amend its Counterclaim. Dkt. #72. Specifically, Defendant seeks permission to amend its Counterclaim to add allegations of direct infringement against individuals Benjamin Hawes and Kyle Hawes, the controlling officers of Plaintiff Rain Gutter Pros, LLC. *Id.* Defendant asserts that it first learned of the factual bases to assert claims against Messrs. Hawes during their respective depositions on August 19 and 20, 2015. It alleges that during those depositions it learned both Benjamin and Kyle Hawes personally directed and participated in infringing activity. *Id.* Plaintiff opposes the motion, asserting that Defendant has not demonstrated good cause for an amendment at this late date and that such amendment

ORDER
PAGE - 1

would be futile in any event. Dkt. #76. Having reviewed the parties' briefs and the remainder of the record, the Court disagrees with Plaintiff and GRANTS Defendant's motion.

## II. DISCUSSION

### A. Applicable Legal Standards

As an initial matter, the Court addresses the legal standard to apply to this motion. Defendant asserts that the motion should be analyzed under the liberal standard for Federal Rule of Civil Procedure 15 motions to amend pleadings. Plaintiff asserts that the proper standard is the "good cause" standard for motions to amend scheduling orders under Rule 16(b)(4). Both parties are correct in part.

First, given that the Court has already entered a Scheduling Order setting a deadline to join new parties and that deadline has passed, the instant motion to add new parties to the Counterclaim is properly analyzed first under Rule 16 as a request to amend the scheduling order. Under Rule 16, the schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Then, if Defendant establishes good cause for the amendment, it must demonstrate that the amendment is proper under Federal Rule of Civil Procedure 15. Rule 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule sets forth a very liberal amendment policy. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The decision to permit or deny a motion for leave to amend rests within the sound discretion of this Court. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (citing *United States v. Webb*, 655 F.2d 977,

ORDER
PAGE - 2

979 (9th Cir. 1981)). In deciding whether to grant leave to amend under Rule 15(a), courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of demonstrating a permissible reason for denying the motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

**B.  Rule 16**

Plaintiff first argues that Defendant has not shown good cause to modify the Scheduling Order and file an amended Counterclaim. As noted above, whether Defendant has good cause to seek a late amendment turns on whether it was diligent in discovering the basis for and seeking the amendment. Based on the sequence of events as detailed in Defendant's briefing, the Court concludes that Defendant has been sufficiently diligent and thus has good cause for seeking an amendment at this late stage. Defendant had logical reason to wait to take the depositions of Benjamin and Kyle Hawes until after it received document production from Plaintiff. It appears from the briefing that Plaintiff caused a delay in such production, which delayed Defendant in requesting certain depositions, and then did not offer deposition dates prior to August once those dates were requested. Further, Defendant did not bring its current Counterclaim until after the deadline for joining parties had passed, and Defendant did not at

ORDER
PAGE - 3

that time have the evidence which forms the basis of its current requested amendment. In addition, the motion for amendment was filed shortly after Defendant received the transcripts from the Hawes' depositions. Thus, the Court finds the timeframe was reasonable. Accordingly, to the extent that Defendant seeks to amend the Scheduling Order to join additional parties, Defendant has shown good cause to do so.

### C. Rule 15

Although Defendant has established good cause for amending the Scheduling Order, it must also demonstrate that amendment is proper under Rule 15. Plaintiff asserts that Defendant's motion has been unduly delayed. For the reasons noted above, Defendant has not unreasonably delayed requesting the amendment, nor has Plaintiff demonstrated bad faith on Defendant's part in requesting the amendment.

Plaintiff also argues that the amendment would be prejudicial to Benjamin and Kyle Hawes, who would be brought in late to the case, and which could implicate conflicts of interest. Dkt. #76 at 7. The Court finds these arguments conclusory and unsupported. Further, there are no new legal theories being introduced in the Amended Counterclaim, and Plaintiff does not dispute that it has preserved the Hawes' interests in litigation to date. Therefore, the Court finds no prejudice.

Finally, Plaintiff argues that Defendant's proposed amendment would be futile because it has not pleaded sufficient facts to pierce the corporate veil for a direct infringement claim and has failed to plead the requisite knowledge for an indirect infringement claim. Dkt. #76 at 7-8. The Court disagrees.

With respect to direct infringement, Defendant proposes in its Amended Counterclaim the following factual allegations:

ORDER
PAGE - 4

> 22. Benjamin Hawes is a founder and owner of RGP, and personally directed, and directs, the infringing activity by controlling the design and development of the Versaguard and the Standard Gutter Guard Products. Benjamin Hawes also personally directed, and directs, the infringing activity by bidding jobs for, selling and installing the Versaguard and the Standard Gutter Guard Products on homes.
>
> 23. Kyle Hawes is an owner of RGP, and personally directed the infringing activity by controlling the marketing and sale of the Versaguard and the Standard Gutter Guard Products to customers of RGP. Kyle Hawes also personally directed the infringing activity by bidding jobs for, selling and installing the Versaguard and the Standard Gutter Guard Products on homes.

Dkt. #74, Ex. 1 at ¶ ¶ 22-23. These allegations are sufficient to plead a direct infringement claim under 35 U.S.C. § 271(a) (requiring that the actor "makes, uses, offers to sell, [] sells [or imports the] patented invention").

Given these allegations, there is no requirement that Defendant allege facts regarding piercing the corporate veil. Where a corporation or similar entity is the alleged infringer, the plaintiff may also hold individual "corporate officers, shareholders, and employees . . . personally liable for the corporation's infringements" by showing that such individuals "are a 'moving, active conscious force behind the corporation's infringement,' regardless of whether they are aware that their acts will result in infringement." *Carson v. Verismart Software*, No. C 11-03766 LB, 2012 U.S. Dist. LEXIS 42120, 2012 WL 1038662, at *5 (N.D. Cal. Mar. 27, 2012) (quoting *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 U.S. Dist. LEXIS 14534, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011) (citing *Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 U.S. Dist. LEXIS 16861, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004)); *see also Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an

agent of the corporation and not on his own behalf." (internal quotations and alterations omitted)); *S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985) ("'An individual, including a corporate officer, who . . . personally participates in that [infringing] activity is personally liable for the infringement.'" (quoting *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y. 1981)). This direct personal liability is possible because "[c]opyright is a strict liability tort; therefore, there is no corporate veil and all individuals who participate are jointly and severally liable." *Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.*, Case No. C10-380TSZ, 2011 U.S. Dist. LEXIS 85223, 2011 WL 3360664, at *2 (W.D. Wash. Aug. 3, 2011).

Finally, with respect to indirect infringement, Defendant notes that it will not be making such a claim against Benjamin or Kyle Hawes. Dkt. #78 at 5. Therefore, the Court finds Plaintiff's knowledge arguments moot. *See* Dkt. #76 at 8.

For all of these reasons, the Court finds that amendment would not be futile and leave to amend should be granted.

### III.  CONCLUSION

Having reviewed Defendant's Motion to Amend its Counterclaim, the Opposition thereto and Reply in support thereof, along with the supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Amend (Dkt. #72) is GRANTED.
2. **No later than three (3) days from the date of this Order,** Defendant shall file such Amended Counterclaim (Dkt. #74, Ex. 1) with the Court and serve a copy on the opposing party.

//

ORDER
PAGE - 6

DATED this 15th day of October 2015.

                                                    RICARDO S. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7